**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

MARK DANIEL SWITZER,

    Plaintiff - Appellant,

v.

HOME DEPOT; PENSKE TRUCK
RENTAL,

    Defendants - Appellees.

No. 25-4052
(D.C. No. 2:24-CV-00370-TS)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**,
Circuit Judge.

_____

Mark Switzer, proceeding pro se,[1] appeals the district court's dismissal of his

claims against Home Depot and Penske Truck Rental ("Penske") arising out of an

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Switzer proceeds pro se, we construe his arguments liberally,
but we "cannot take on the responsibility of serving as [his] attorney in constructing
arguments and searching the record." _Garrett v. Selby Connor Maddux & Janer_,
425 F.3d 836, 840 (10th Cir. 2005).

accident he suffered while operating a rented Penske truck.  We have jurisdiction under 28 U.S.C. § 1291, but we dismiss the appeal because Mr. Switzer waived appellate review.

In October 2022, Mr. Switzer rented a Penske moving truck from a Home Depot in Park City, Utah.  He alleges he injured his back while operating the lift gate on the truck.  In April 2024, Mr. Switzer executed a settlement agreement (the "release") releasing his claims against Penske and "any other person, firm or corporation charged or chargeable with responsibility or liability" for $15,000. R. at 33.  In May 2024, he filed a complaint against Penske and Home Depot for negligence.  Mr. Switzer also alleged a cause of action for "Bad Faith Insurance Settlement," because his attorney had, at one time, "submitted a $1 million insurance settle[m]ent claim that was disregarded." *Id.* at 11.  He moved to proceed without prepayment of costs under 28 U.S.C. § 1915, and the district court granted his motion.

Penske moved to dismiss under Fed. R. Civ. P. 12, attaching the release.  A magistrate judge issued a report and recommendation ("R&R") recommending, based on the language of the release, that the district court (1) grant Penske's motion and dismiss the claims against Penske with prejudice; (2) dismiss the claims against Home Depot with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted; and (3) hold that any amendment would be futile given the language in the release.  The R&R advised the parties that, pursuant

to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(B)(2), they "must file any objections to this [R&R] within 14 days after being served with a copy of it." R. at 44.

Mr. Switzer did not respond to the R&R within 14 days. He filed a one-page objection "to releasing my case with Penske" one day late. *Id.* at 45. The district court concluded this objection was untimely. The court further concluded that "[r]egardless . . . [having] carefully reviewed and considered the record and pleadings in this case, along with the [R&R]," it agreed with the magistrate judge and adopted the R&R in full. *Id.* at 46. The court therefore dismissed Mr. Switzer's claims. This appeal followed.

This court follows the firm waiver rule, under which "the failure to make timely objection to the magistrate [judge]'s findings or recommendations waives appellate review of both factual and legal questions." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Exceptions to the firm waiver rule exist, including instances where "(1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (italics and internal quotation marks omitted). But Mr. Switzer does not invoke either exception, nor does there appear to be any basis for him to do so.[2]

---

[2] The district court's decision to engage in de novo review notwithstanding the waiver does not preclude this court's application of the rule. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999).

The firm waiver rule applies.  Under that rule, Mr. Switzer waived his right to appellate review by failing to timely object to the magistrate's recommendation.  We therefore dismiss the appeal.

Entered for the Court


Carlos F. Lucero
Senior Circuit Judge